# EXHIBIT A

FILED: BRONX COUNTY CLERK 06/02/2022 03:10 PM                                INDEX NO. 808320/2022E
NYSCEF DOC. NO. 1                                                            RECEIVED NYSCEF: 06/02/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X
CARLOS ALTAMIRANO and ERICA RODAS,

                           Plaintiffs,

               - against -

GILBANE BUILDING COMPANY,

                           Defendant.

-------------------------------------------------------------------X

Index#:
Index Purchased:

**SUMMONS**

Basis of Venue
Situs of Accident
910 Morris Avenue
Bronx, NY 10451

**To the Above Named Defendant:**

**YOU ARE HEREBY SUMMONED** to answer the Verified complaint in this action and to serve a copy of your Answer, or, if the Verified Complaint is not served with this Summons, to serve notice of appearance on the plaintiff's attorneys within twenty [20] days after the service of this Summons, exclusive of the day of service (or within thirty [30] days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Verified Complaint.

Dated: Garden City, New York
         June 2, 2021

                                          SILBERSTEIN, AWAD & MIKLOS, P.C.

                                          By: _____
                                          **ROBERT A. MIKLOS, ESQ.**
                                          Attorneys for Plaintiff
                                          600 Old Country Road
                                          Garden City, New York 11530
                                          T: 516.832.7777
                                          F: 516.832.7877
                                          Our File No.: 10970

(Page 4 of 21)
FILED: BRONX COUNTY CLERK 06/02/2022 03:10 PM
NYSCEF DOC. NO. 1

Case 1:22-cv-05574-KPF Document 1-1 Filed 06/30/22 Page 3 of 20

INDEX NO. 808320/2022E
RECEIVED NYSCEF: 06/02/2022

TO:

GILBANE BUILDING COMPANY
28 LIBERTY STREET
NEW YORK, NY 10005

&

VIA SECRETARY OF STATE

(Page 5 of 21)
FILED: BRONX COUNTY CLERK 06/02/2022 03:10 PM                                INDEX NO. 808320/2022E
NYSCEF DOC. NO. 1                                                     RECEIVED NYSCEF: 06/02/2022

Case 1:22-cv-05574-KPF  Document 1-1  Filed 06/30/22  Page 4 of 20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------X  Index#:
CARLOS ALTAMIRANO and ERICA RODAS,

                Plaintiffs,                                         **VERIFIED COMPLAINT**

      - against -

GILBANE BUILDING COMPANY,

                Defendant.
-----------------------------------------------------------------------X

       Plaintiffs, by and through their attorneys, SILBERSTEIN, AWAD & MIKLOS, P.C., complaining of the defendants herein, alleges, upon information and belief, as follows:

### JURISDICTIONAL ALLEGATIONS

    1.    That at all times hereinafter mentioned, plaintiffs, CARLOS ALTAMIRANO and ERICA RODAS were and still is are residents of the County of Fairfield of the State of Connecticut.

    2.    That at all times herein mentioned, defendant GILBANE BUILDING COMPANY, was and still is a foreign business corporation duly organized and existing under and by virtue of the laws of the State of New York.

    3.    That at all times herein mentioned, GILBANE BUILDING COMPANY, transacted business in the State of New York.

    4.    That at all times herein mentioned, defendant GILBANE BUILDING COMPANY, maintained a principal place of business in the County of New York, and state of New York.

### GENERAL ALLEGATIONS AGAINST
### DEFENDANT GILBANE BUILDING COMPANY

    5.    On April 05, 2022, defendant GILBANE BUILDING COMPANY, owned the real property and facilities thereon, located at 910 Morris Avenue, Bronx, New York 10451 (hereinafter referred to as "the Premises").

6. At all times herein after mentioned, GILBANE BUILDING COMPANY, was the sole Lessee of a certain Real Estate Ground Lease and Conveyance of Facilities of the Premises.

7. At all times hereinafter mentioned, GILBANE BUILDING COMPANY, operated the Premises.

8. At all times hereinafter mentioned, GILBANE BUILDING COMPANY, maintained the Premises.

9. At all times hereinafter mentioned, GILBANE BUILDING COMPANY, controlled the Premises.

10. At all times hereinafter mentioned, GILBANE BUILDING COMPANY, managed the Premises.

11. At all times hereinafter mentioned, GILBANE BUILDING COMPANY, repaired the Premises.

12. At all times hereinafter mentioned, GILBANE BUILDING COMPANY, constructed the Premises.

13. At all times hereinafter mentioned, GILBANE BUILDING COMPANY, had possession of the premises.

**GENERAL ALLEGATIONS REGARDING CONSTRUCTION PROJECT**

14. On April 5, 2022, there was ongoing construction, renovation and demolition at the subject premises, located at 910 Morris Avenue, Bronx, New York 10451 (hereinafter referred to as "the Construction Project").

(Page 7 of 21)
FILED: BRONX COUNTY CLERK 06/02/2022 03:10 PM
NYSCEF DOC. NO. 1
Case 1:22-cv-05574-KPF Document 1-3 Filed 06/30/22 Page 6 of 20
INDEX NO. 808320/2022E
RECEIVED NYSCEF: 06/02/2022

15. The said Construction Project generally involved the erection, demolition, repairing, altering, cleaning or painting of buildings or structures of certain facilities located at 910 Morris Avenue, Bronx, New York 10451.

16. Prior to April 05, 2022, defendant GILBANE BUILDING COMPANY, contracted with Breeze National Demolition, for the performance of the work at the Construction Project.

17. At all times herein mentioned, GILBANE BUILDING COMPANY, was the general contractor for the Construction Project.

18. At all times herein mentioned, GILBANE BUILDING COMPANY, was the Construction Manager for the Construction Project.

19. At all times herein mentioned, GILBANE BUILDING COMPANY, provided construction services for the Construction Project.

20. At all times herein mentioned, GILBANE BUILDING COMPANY, was a contractor or subcontractor for the Construction Project.

21. At all times herein mentioned, GILBANE BUILDING COMPANY, hired and retained contractors or subcontractors for the Construction Project.

22. At all times herein mentioned, GILBANE BUILDING COMPANY, hired or retained Breeze National Demolition to perform erection, demolition, repairing, altering, cleaning or painting of buildings or structures at the Construction Project.

23. At all times herein mentioned, GILBANE BUILDING COMPANY, controlled the manner and method of the work being performed by the contractors and subcontractors at the Construction Project.

(Page 8 of 21)
FILED: BRONX COUNTY CLERK 06/02/2022 03:10 PM
NYSCEF DOC. NO. 1
Case 1:22-cv-05574-KPF   Document 1-3   Filed 06/30/22   Page 7 of 20
INDEX NO. 808320/2022E
RECEIVED NYSCEF: 06/02/2022

24. At all times herein mentioned, GILBANE BUILDING COMPANY, was responsible for work site safety at the Construction Project.

25. At all times herein mentioned, GILBANE BUILDING COMPANY, inspected the Premises during the Construction Project.

### AS AND FOR A FIRST CAUSE OF ACTION
### FOR COMMON LAW NEGLIGENCE

26. On or about April 05, 2022 plaintiff, CARLOS ALTAMIRANO, was lawfully on the premises located at 910 Morris Avenue, Bronx, New York 10451.

27. On or about April 5, 2022 plaintiff, CARLOS ALTAMIRANO was involved in the erection, demolition, repairing, altering, cleaning or painting of buildings or structures at subject Construction Project.

28. At the aforesaid time and place, plaintiff, CARLOS ALTAMIRANO was caused to suffer serious and permanent injuries as a result of an unsafe work environment at the Construction Project.

29. By reason of the foregoing, plaintiff sustained serious injuries; was rendered, sick, sore, lame and disabled; suffered injuries both internal and external, pain and mental anguish; he was caused to suffer from pain; was confined to bed and home; was compelled to seek medical care and attention, and upon information and belief, will in the future be compelled to seek medical care and attention; was and will be prevented from following his usual occupation; and was otherwise injured and damaged.

30. That the aforesaid happening occurred solely and wholly as a result of the negligence of the defendants herein, their employees, agents, representatives, servants and/or independent

contractors over whom defendants exercised, or had authority to exercise, supervision and control, without any negligence on the part of the plaintiff contributing thereto.

31. That the defendants, their agents, employees representatives, servants, and/or independent contractors over whom they exercised, or had authority to exercise, supervision and control, created and/or had actual and/or constructive notice of the dangerous condition.

32. That the defendants, their employees, agents, representatives, servants and/or independent contractors over whom defendants exercised, or had authority to exercise, supervision and control were careless, reckless and negligent in causing, allowing and permitting the aforesaid premises to be, become and remain in a defective and unsafe condition, thereby constituting a nuisance, danger, menace and hazard; in failing to maintain the premises and the worksite in a reasonably safe, proper and suitable condition; in failing to provide safety equipment; in negligently instructing the workers to use improper and inadequate safety equipment; in failing to use safety equipment; in failing to conduct proper and reasonable inspection of the premises and worksite; in failing to properly and/or timely remove, minimize and/or warn of the aforesaid dangerous condition; in failing to provide a safe place to work; and in otherwise being careless, reckless and negligent under the circumstances.

33. That the limitations of liability set forth in Article 16 of the CPLR does not apply to the within action.

34. That as a result of the foregoing, plaintiff CARLOS ALTAMIRANO was caused to sustain damages in a sum which exceeds the jurisdictional limitation of all lower Courts which would otherwise have jurisdiction over this action.

5

## AS AND FOR A SECOND CAUSE OF ACTION
## BASED ON LABOR LAW SECTION 200

35. Plaintiff, CARLOS ALTAMIRANO, repeats and realleges each and every paragraph of the complaint numbered "1" through "34" as if the same were fully set forth herein with the same force and effect.

36. That as a person employed in the performance of construction and renovation work, plaintiff, CARLOS ALTAMIRANO was entitled to the protections afforded to persons employed under the Labor Law of the State of New York, including Labor Law Section 200.

37. That the negligence, carelessness and recklessness of the defendants, their agents, employees representatives, servants, and/or independent contractors over whom they exercised or had authority to exercise supervision and control, in the ownership, operation, maintenance, management and control of the premises was in violation of the Labor Law §200 and Rules and Regulations of the Occupational Safety and Health Administration.

38. That the defendants, their agents, employees representatives, servants, and/or independent contractors over whom they exercised or had authority to exercise supervision and control were in violation of the applicable laws, status, ordinances, administrative enactments, rules and regulations including the New York State Labor Law §200.

39. That the defendants herein, including their agents, servants, and/or employees, created and/or had actual and/or constructive notice of the dangerous condition and/or had control over the worksite, and/or exercised control or supervision over the work performed by plaintiff.

40. That the defendants, their agents, employees representatives, servants, and/or independent contractors over whom they exercised or had authority to exercise supervision and

6

(Page 11 of 21)
FILED: BRONX COUNTY CLERK 06/02/2022 03:10 PM
NYSCEF DOC. NO. 1
Case 1:22-cv-05574-KPF Document 1-3 Filed 06/30/22 Page 10 of 20
INDEX NO. 808320/2022E
RECEIVED NYSCEF: 06/02/2022

controlled, were negligent, careless and reckless in failing to construct, equip, arrange, operate and conduct the worksite as to provide reasonable and adequate protection to the lives, health and safety of all persons, plaintiff in particular, employed therein or lawfully frequenting such places.

41. That the defendants, their agents, employees, representatives, servants and/or independent contractors failed to properly provide reasonable and adequate protection to all such persons; in causing, permitting and allowing said portion of the construction site to be, become and remain in an unsafe manner and dangerous condition, in causing, allowing and permitting the said construction site to be and to remain in a dangerous condition.

42. By reason of the foregoing, plaintiff was rendered, sick, sore, lame and disabled, suffered injuries both internal and external, pain and mental anguish; she was caused to suffer from pain; was confined to bed and home; was compelled to seek medical care and attention, and upon information and belief, will in the future be compelled to seek medical care and attention; was prevented from following his usual occupation; and was otherwise injured and damaged.

43. That the limitations of liability set forth in Article 16 of the CPLR do not apply to the within action.

44. That as a result of the foregoing, plaintiff CARLOS ALTAMIRANO was caused to sustain damages in a sum which exceeds the jurisdictional limitation of all lower Courts which would otherwise have jurisdiction over this action.

**AS AND FOR A THIRD CAUSE OF ACTION
BASED ON LABOR LAW SECTION 240**

(Page 12 of 21)
FILED: BRONX COUNTY CLERK 06/02/2022 03:10 PM
NYSCEF DOC. NO. 1
Case 1:23-cv-05574-KPF Document 1-3 Filed 06/30/22 Page 11 of 20
INDEX NO. 808320/2022E
RECEIVED NYSCEF: 06/02/2022

45. Plaintiff, CARLOS ALTAMIRANO, repeats and realleges each and every paragraph of the complaint numbered "1" through "44" as if the same were fully set forth herein with the same force and effect.

46. That as a person employed in the performance of construction and renovation work, plaintiff was entitled to the protections afforded to persons so employed under the Labor Law of the State of New York including the Labor Law Section 240.

47. That the negligence, carelessness and recklessness of the defendants, their agents, servants and or employees in the ownership, operation, maintenance, management and control of the premises was in violation of the Rules and Regulations of the Occupational Safety and Health Administration, the Labor Law of the State of New York, specifically § 240.

48. That the defendants herein, including their agents, servants, and/or employees, were in violation of the applicable laws, status, ordinances, administrative enactments, rules and regulations including the New York State Labor Law Section §240.

49. That the defendants, their agents, employees, representatives, servants and/ or independent contractors over whom defendants exercised, or had authority to exercise, supervision and control failed to furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.

50. That the defendants, their agents, employees, representatives, servants and/ or independent contractors in causing plaintiff to be exposed to a type of risks contemplated by Labor Law §240(1).

8

(Page 13 of 21)
FILED: BRONX COUNTY CLERK 06/02/2022 03:10 PM
NYSCEF DOC. NO. 1
Case 1:22-cv-05574-KPF Document 1-13 Filed 06/30/22 Page 12 of 20
INDEX NO. 808320/2022E
RECEIVED NYSCEF: 06/02/2022

51. That the defendants, their agents, employees, representatives, servants and/ or independent contractors failed to provide the plaintiff with proper and adequate safety fall protection equipment under Labor Law §240(1).

52. By reason of the foregoing, plaintiff was rendered, sick, sore, lame and disabled, suffered injuries both internal and external, pain and mental anguish; he was caused to suffer from pain; was confined to bed and home; was compelled to seek medical care and attention, and upon information and belief, will in the future be compelled to seek medical care and attention; was and will be prevented from following his usual occupation; and was otherwise injured and damaged.

53. That the limitations of liability set forth in Article 16 of the CPLR does not apply to the within action.

54. As a result of the foregoing, plaintiff CARLOS ALTAMIRANO was caused to sustain damages in a sum which exceeds the jurisdictional limitation of all lower Courts which would otherwise have jurisdiction over this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
## BASED ON LABOR LAW SECTION 241(6)

55. Plaintiff, CARLOS ALTAMIRANO, repeats and realleges each and every paragraph of the complaint numbered "1" through "54" as if the same were fully set forth herein with the same force and effect.

56. That as a person employed in the performance of construction and demolition work, plaintiff was entitled to the protections afforded to persons so employed under the labor law of the State of New York including the Labor Law §241(6).

FILED: BRONX COUNTY CLERK 06/02/2022 03:10 PM INDEX NO. 808320/2022E
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 06/02/2022
Case 1:22-cv-05574-KPF Document 1-3 Filed 06/30/22 Page 13 of 20

57. That the negligence, carelessness and recklessness of the defendants, their agents, servants and or employees in the ownership, operation, maintenance, management and control of the premises was in violation of the Rules and Regulations of the Occupational Safety and Health Administration, the New York State Industrial Codes and the Labor Law of the State of New York, specifically §241(6).

58. That the defendants herein, including their agents, servants, and/or employees, were in violation of the applicable laws, statutes, ordinances, administrative enactments, rules and regulations including the New York State Labor Law §241(6).

59. That the defendants herein, including their agents, servants, and/or employees, were in violation of various New York State Industrial Codes and OSHA Regulations.

60. The defendants, their agents, employees, representatives, servants and/ or independent contractors over whom defendants exercised, or had authority to exercise, supervision and control failed to construct, shore, equip, guard, arrange, operate and conduct the worksite as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places, in particular, plaintiff; in causing, permitting and allowing said portion of the construction site to be, become and remain in an unsafe manner and dangerous condition, in violating Sections of the New York State Labor; 241(6) and other applicable statutes, laws, rules, regulations, and ordinances then and there prevailing.

61. By reason of the foregoing, plaintiff was rendered, sick, sore, lame and disabled, suffered injuries both internal and external, pain and mental anguish; he was caused to suffer from pain; was confined to bed and home; was compelled to seek medical care and attention, and upon

10

(Page 15 of 21)
FILED: BRONX COUNTY CLERK 06/02/2022 03:10 PM
Case 1:22-cv-05574-KPF Document 1-3 Filed 06/30/22 Page 14 of 20
INDEX NO. 808320/2022E
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 06/02/2022

information and belief, will in the future be compelled to seek medical care and attention; was and will be prevented from following his usual occupation; and was otherwise injured and damaged.

62. That the limitations of liability set forth in Article 16 of the CPLR do not apply to the within action.

63. That as a result of the foregoing, plaintiff CARLOS ALTAMIRANO was caused to sustain damages in a sum which exceeds the jurisdictional limitation of all lower Courts which would otherwise have jurisdiction over this action.

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF ERICA RODAS

64. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "63" herein, with the same force and effect as if fully set forth at length herein.

65. That at all times herein alleged, plaintiff, CARLOS ALTAMIRANO, was and still is the lawful spouse of plaintiff ERICA RODAS and resided with her as such.

66. That as a result of the foregoing, plaintiff ERICA RODAS was caused to sustain the loss of the society, services, companionship and consortium of plaintiff CARLOS ALTAMIRANO.

67. That as a result of the foregoing, plaintiffs were caused to sustain damages in a sum which exceeds the jurisdictional limitation of all lower Courts which would otherwise have jurisdiction over this action.

**WHEREFORE**, plaintiff demands judgment against all defendants for all four causes of action in a sum which exceeds the jurisdictional limitation of all lower Courts which would otherwise have jurisdiction over this action, together with costs and disbursements and interest computed from the date of any verdict rendered herein.

11

(Page 16 of 21)
FILED: BRONX COUNTY CLERK 06/02/2022 03:10 PM
NYSCEF DOC. NO. 1
Case 1:23-cv-05574-KPF Document 1-1 Filed 06/30/22 Page 15 of 20
INDEX NO. 808320/2022E
RECEIVED NYSCEF: 06/02/2022

Dated: Garden City, New York
June 2, 2022

Yours, etc.

**SILBERSTEIN, AWAD & MIKLOS, P.C.**

By: _____
ROBERT A. MIKLOS, ESQ.
Attorney for Plaintiffs
600 Old Country Road, Suite 505
Garden City, New York 11530
T: 516.832.7777
F: 516.832.7877
**File No.: 10970**

## ATTORNEY'S VERIFICATION

I, the undersigned, an attorney admitted to practice in the Courts of the State of New York, stated that I am an associate in the firm of SILBERSTEIN, AWAD & MIKLOS, P.C. the attorneys of record for the plaintiffs in the within action; I have read the foregoing

### SUMMONS & VERIFIED COMPLAINT

and know the contents thereof; the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

The reason this verification is made by me and not by plaintiffs is that plaintiffs reside in a County other than the one in which your affirmant maintains his office.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows: books, records, memoranda, etc. in office file.

I affirm that the foregoing is true, under the penalties of perjury.

Dated: Garden City, New York
June 2, 2022

ROBERT A. MIKLOS, ESQ.

13

FILED: BRONX COUNTY CLERK 06/02/2022 03:10 PM
NYSCEF DOC. NO. 1
Case 1:23-cv-05574-KPF Document 1-1 Filed 06/30/22 Page 17 of 20
INDEX NO. 808320/2022E
RECEIVED NYSCEF: 06/02/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X  Index #:
CARLOS ALTAMIRANO and ERICA RODAS,

                     Plaintiffs,                                       **Plaintiff's**
                                                                                    **CONSENT TO FBEM***

                - against -

GILBANE BUILDING COMPANY,

                     Defendants.
-----------------------------------------------------------------X

      I, _Robert A. Miklos, Esq._, am a party or an attorney for a party in the above captioned law suit, and I consent to the use of FBEM in this action. I further consent to be bound by the service and filing provisions of the FBEM Rules (22 NYCRR § 202.5-b) and to comply with the User's Manual approved by the Chief Administrator of the Courts.

      I have set forth below up to three internet e-mail addresses for the purposes of services and giving notice of each filing:

      I have set forth below up to three internet e-mail addresses for the purposes of services and giving notice of each filing:

_____  
Signature                                             Address:

_Robert A. Miklos, Esq._____  
Print or Type Name  
Attorney for _Carlos Altamirano + Erica Rodas_    (516) 832-7777  
                                                                              Telephone Number

      *All parties must file and serve this consent to participate in an FBEM case. Where the attorney for a party is a Filing User, the consent may be filed and served electronically (see http://fbem.courts.state.ny.us).

FILED: BRONX COUNTY CLERK 06/02/2022 03:10 PM	INDEX NO. 808320/2022E
NYSCEF DOC. NO. 1	RECEIVED NYSCEF: 06/02/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X Index #:
CARLOS ALTAMIRANO and ERICA RODAS,

      Plaintiffs,         **NOTICE REGARDING**
                     **AVAILABILITY OF**
  - against -         **ELECTRONIC FILING**

GILBANE BUILDING COMPANY,

      Defendant.
------------------------------------------------------------------X

  PLEASE TAKE NOTICE that plaintiff(s)/defendant(s) in the case captioned above consents and intends that this matter shall proceed as an electronically-filed case in the Filing by Electronic Means System ("FBEM") in accordance with the procedures therefor, described below. Service of papers by electronic means cannot be made upon a party unless that party consents to use of the system. As soon as possible after service of this Notice, each party served must indicate whether it consents.

**General Information**

  In New York State, actions may be commenced and cases processed by means of the FBEM system in (1) tax certiorari claims in the Supreme Court in New York City and in Monroe, Westchester, and Suffolk Counties; (2) tort claims, and commercial claims in the Commercial Division, in the Supreme Court in New York City and in Albany, Monroe, Nassau, Suffolk, and Westchester counties; (3) commercial claims in the Commercial Division of Supreme Court, and proceedings in Surrogate's Court, in Erie County; and (4) selected claims against the State of New York.

  Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the court and served in a simple, convenient and expeditious manner. FBEM case documents are filed with the court by filing on the FBEM Website (go to "E-Courts" at

15

www.nycourts.gov), which can be done at any time of the day or night. The documents are deemed filed when they are received by the Unified Court System server. The use of FBEM is governed by Section 202.5-b (Supreme Court), and 206.5 and 206.5-aa (Court of Claims) of the Uniform Rules for the Trial Courts.

**Instructions**

The service of this Notice constitutes a statement of intent by the undersigned that the FBEM system be used in this case. When an action or proceeding is being commenced by means of the system, this Notice must accompany service of the initiating papers.

**As soon as possible after service of this Notice,** the party served shall advise all parties whether it will agree to have the matter proceed by FBEM. Where the party served agrees, that party must, as soon as possible after service, **file with the court and serve on all parties a Consent to FBEM.** A Consent form can be found in the "Forms" Section of the FBEM Website. The form and other aspects of FBEM are explained in the *User's Manual*, available on the Website. When this Notice Regarding Availability is served with papers initiating a lawsuit, the consent must be filed prior to service of or with the responsive pleadings or motion addressed to the pleadings.

Once parties agree that the case will be subject to FBEM, each must **PROMPTLY** submit a Filing User Registration form (see the "Forms" section of the Website) to obtain the confidential Filing User Identification Number and Password necessary to use the system. A party represented by an attorney who has previously registered as a Filing User in another case may file and serve the Consent to FBEM electronically by checking the designated box and following the instructions on the FBEM Website.

For additional information about FBEM, see the *User's Manual* and *Frequently Asked Questions* on the Website or contact the court in question or the FBEM Resource Center (at 646-386-3033).

16

Dated: Garden City, New York
June 2, 2022

Yours, etc.,

SILBERSTEIN, AWAD & MIKLOS, P.C.

By: _____

**ROBERT A. MIKLOS, ESQ.**
Attorneys for Plaintiffs
600 Old Country Road, Suite 505
Garden City, New York 11530
(516) 832-7777
File No.: **10970**
E-mail: rmiklos@ask4sam.net, calendar@ask4sam.net